UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATRINA WITHERSPOON, REBECCA CASIANO, SHAWNA ADKINS, SAMANTHA ANDING, CHERYL ANNARELLI, AMBER ASTON, ASHLEY BARR-MAINO, NATASHA BJUGAN, ASHLEY BROWN, LAQUASHA and JAMES BURKS, ALICIA BYINGTON, OLA CHEYENNE CARNEY, TALVATA COLLIER, SHELBY and TRAVIS COMTOIS, RENEE COOLEY, STEPHANIE CORLEY, LEANNDRA and BRANDON COUVILLION, MELANIE CRUMPTON, TAMMY DELAUGHTER, BRANDIE DURYEA, STACIE ESTEY, SARA and DENNIS FALCON, SHANNON FEWELL, BRIANNA FRANKLIN-SPEY, JACQUELYN GOETZ-MOFFITT, AGATA GRAHAM, JASMIN GRAYSON, SHAWNA GRIFFIE, DENISE HARGREAVES, JENNIFER HARRINGTON, TAWANA HILL-BROOKS, ERICA JOHNSON, CHERYL KEENE, NIKITA KING, PRISCILLA KING, BARBARA LUNA, AMANDA MADRIL, KORRINA MARTIN and BRADLEY DAVIS, MISTY MARTIN, ANGELA MARTINEZ, DONNA McCURRY, AMBER McDANIEL, BRANDY McNAMEE, JENNIFER MEYER, JENNIFER MONTMINY, DAILYN MORRELL, JULIANA and PAUL O'BRIEN, ILEIA OLIVER-PAIGE, SARA and SHAWN PLATT, SHECANIAH PHELPS, MARIA PIKULA, EBONE PORTER, BRITTANY RICHTER, JAMIE ROACH, OLLIVEA and CODY ROAN, MIRANDA ROBERSON, KATIE ROURK, SONYA and AUGUSTIN RUIZ, JESSICA SANBORN, CANDACE SAYE, ASHLEY SCHLUESSLER, AMBER SEACHRIST, MEREDITH SMITH, SUZANNE SMITH-FREDA, DELVINA SPAHE, SPARKLE SPEARS, MELISSA SULLIVAN, DIANE and BRENT SWOSINSKI, CRYSTAL TREVINO, JOANNA TRUJILLO, JOSETTE UNDERWOOD, | Case No.: 4:13-cv-01912<br><br>**Pending transfer to MDL-2434**<br>(*In re: Mirena IUD Products Liability Litigation-7:13-md-02434-CS-LMS S.D.N.Y.*)<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| EMILY VESTAL, KAYLA VILLARREAL, TAMMY WAGNER, URSLER WEST, EVA WHITE, SOMER WHITE, JADE WHITMAN, ANGELA WINFIELD, KIMBERLY WURTH, MAO YANG, NICOLE ZAMORA, and HEATHER ZINDARS | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BAYER HEALTHCARE PHARMACEUTICALS INC., | ) ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF REMOVAL

Defendant Bayer HealthCare Pharmaceuticals Inc. ("Bayer") removes this action from the Circuit Court of the City of St. Louis, Twenty-Second Judicial Circuit, State of Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth in more detail below, and in the attached Memorandum of Law (Exhibit 1), this Court has subject matter jurisdiction over this action because Plaintiff Rebecca Casiano, the only Plaintiff out of 93 who allegedly shares citizenship with Defendant, is fraudulently joined and fraudulently misjoined to this action because she has no viable claim against Defendant. Without an actionable claim, her citizenship should be disregarded for purposes of establishing jurisdiction.

### I.   INTRODUCTION

1.   Ninety-three plaintiffs from 31 different states and the District of Columbia filed this civil action on August 26, 2013, in the Circuit Court of the City of St. Louis, styled *Katrina Witherspoon, et al. v. Bayer HealthCare Pharmaceuticals Inc.*, Cause No. 1322-CC09214.

2.   This is one of a number of products liability actions now pending in the federal courts involving allegations of the alleged risks associated with the Mirena® IUS and the

2

adequacy of FDA-approved product warnings.  On April 8, 2013, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Mirena® cases involving allegations of perforation and/or migration to Judge Cathy Seibel of the United States District Court for the Southern District of New York for consolidated pretrial proceedings.  JPML Transfer Order, attached hereto as Exhibit 2.

## II.  BAYER SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

3.  This removal is timely.  Bayer files this Notice of Removal within 30 days of August 27, 2013, the date of service of the initial pleading upon Bayer.  28 U.S.C. § 1446(b)(2)(B).

4.  Pursuant to 28 U.S.C. § 1446(a), attached is a copy of all process and pleadings served upon Bayer to date.  Exhibit 3.

5.  The United States District Court for the Eastern District of Missouri, Eastern Division, is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," namely, the City of St. Louis, Missouri.

6.  Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being provided to all parties and the clerk of the Circuit Court of the City of St. Louis, State of Missouri.

## III.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

7.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a) and 1441 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest; complete diversity of citizenship exists between Defendant and

all properly joined Plaintiffs (*see* Ex. 3, Compl. ¶¶ 1-2); and, Defendant is not a citizen of Missouri (*id.* ¶ 2), the state in which this action was brought.

### A. The Citizenship of Plaintiff Rebecca Casiano Does Not Defeat Diversity Jurisdiction Because She is Fraudulently Joined and Fraudulently Misjoined

8. Plaintiff Rebecca Casiano, a citizen of New Jersey and the only Plaintiff that allegedly shares citizenship with Defendant, is fraudulently joined to this action, because her claims are time-barred under New Jersey law. Her citizenship should therefore be disregarded for purposes of establishing jurisdiction. In the alternative, the claims of Plaintiff Casiano are so egregiously misjoined to the remaining claims in the Complaint as to constitute bad faith and fraudulent misjoinder.

9. Under Missouri's borrowing statute, "[w]henever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." MO. REV. STAT. § 516.190. Therefore, because Plaintiff Casiano admits that she "was a resident and citizen of Glendora, New Jersey" "[a]t all relevant times hereto" (Ex. 3, Compl. ¶ 1(b)), her claims are subject to the New Jersey statute of limitations, which is two years in personal injury actions. N.J. STAT. ANN. § 2A:14-2(a); *see also* Ex. 1, Memo of Law at 1-2, 4-5.

10. Plaintiff Casiano alleges that her Mirena® IUS was inserted in June 2004 (Ex. 3, Compl. ¶ 27). During the time the Mirena® IUS was in place, she "was seen numerous times for abdominal pain" (*id.*). Finally, Plaintiff Casiano "had the IUS removed in 2009 and was informed at that time that the IUS had perforated her uterus" (*id.*). Plaintiff Casiano's cause of action accrued at the very latest in 2009 when she was informed that her uterus was perforated and that Mirena® was a cause of the perforation. Therefore, the two-year statute of limitations for her claims expired in 2011, at the latest. Because the instant Complaint was not served until

August 27, 2013, all of Plaintiff Casiano's claims are time-barred (*see* Ex. 1, Memo of Law at 1-2, 5-7).

11. Because all of her claims are time-barred, Plaintiff Casiano is fraudulently joined to this action. "[U]nder the doctrine of fraudulent joinder, a court may engage in a limited inquiry into the merits of the case if it appears that a party has named or joined a party solely for the purpose of defeating federal diversity jurisdiction." *Pace v. Healthlink, Inc.*, 4:09CV709 CDP, 2009 WL 4825201, at *2 (E.D. Mo. Dec. 11, 2009). Under the Eighth Circuit's fraudulent joinder doctrine, "a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim.' '[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim.'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (citations omitted). Here, there exists no basis in fact and law supporting Plaintiff Casiano's claims, which are time-barred on the face of the Complaint. Her citizenship should therefore be disregarded for purposes of determining jurisdiction (*see* Ex. 1, Memo of Law at 1-3, 7-8).

12. Fraudulent joinder is found when a plaintiff pleads ***a non-viable claim*** against a party that defeats diversity jurisdiction. In contrast, fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court ***and joins a viable claim*** involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted, emphasis added). Because Plaintiff Casiano's claims are time-barred and not viable, the fraudulent misjoinder doctrine discussed in *Prempro* does not apply to this analysis (*see* Ex. 1, Memo of Law at 8-9).

13. However, even if this Court chooses to apply the *Prempro* fraudulent misjoinder doctrine, the joinder of Plaintiff Casiano's claims with those of other Plaintiffs is improper because it demonstrates an egregious and blatant bad faith attempt to thwart this Court's removal jurisdiction. Plaintiffs' claims meet neither of the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(1). This Court has held that the mere fact that multiple plaintiffs took the same drug and suffered the same type of injury or side effect "is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement" of Rule 20(a)(1). *Boschert v. Pfizer, Inc.*, 4:08-CV-1714 CAS, 2009 WL 1383183, at \*3 (E.D. Mo. May 14, 2009). Moreover, because Plaintiff Casiano's claims are time-barred, they will share no questions of law or fact in common with other (non-New Jersey) Plaintiffs' claims (*see* Ex. 1, Memo of Law at 2-3, 9-11).

14. The egregious misjoinder of Plaintiff Casiano's claims is amplified by Plaintiffs' counsel's bad faith pursuit of this action in contravention of its own arguments for consolidation of Mirena® litigation in federal court. On January 16, 2013, the Climaco firm moved the JPML seeking "pretrial consolidation of the proposed Mirena® multidistrict litigation ('MDL') at this time because it will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of present and future actions." *See* 1/16/13 Climaco Memorandum in Support of Motion for Consolidation, without exhibits, attached hereto as Exhibit 4, at 2. The Climaco firm admitted to the JPML that proceedings like the state court action it filed here raise the potential for conflicting rulings and are a waste of judicial resources. In addition, Climaco firm member and Plaintiffs' counsel Dawn M. Chmielewski was recently ordered by Judge Cathy Seibel to "assume 'an obligation to act fairly, efficiently, and economically'" as an

6

appointee to the Plaintiffs' Steering Committee of the MDL.  *See* 7/10/13 Seibel Order, attached hereto as Exhibit 5, at 1, 4-6.

15.     Plaintiff Casiano's claims are fraudulently misjoined, and they "reflect[] an egregious or bad faith intent on the part of the plaintiffs to thwart removal."  *In re Prempro*, 591 F.3d at 623.  For that reason, Plaintiff Casiano's citizenship should be disregarded for purposes of determining jurisdiction (*see* Ex. 1, Memo of Law at 2-3, 11-12).

### B.     The Amount-in-Controversy Requirement is Satisfied

16.     The Complaint does not expressly state the amount in controversy.  Where, as here, a complaint does not allege a specific amount of damages, the district court may consider whether it is facially apparent from the complaint that the jurisdictional amount has been satisfied.  *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002).

17.     Eighty-two properly joined Plaintiffs allege that, as a result of their use of Mirena®, they suffered embedment or perforation of their uterus.  The remaining ten Plaintiffs allege that they suffered loss of companionship.  Plaintiffs seek both compensatory and punitive damages.  Therefore, it is facially apparent from the Complaint that the amount Plaintiffs claim exceeds $75,000.  *See, e.g.*, *Quinn*, 228 F. Supp. 2d at 1037-38 (holding it was "facially apparent" that amount in controversy requirement was satisfied "[g]iven the allegations in the complaint that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries," even though plaintiffs asserted that their total damages did not exceed $75,000); *see also* Ex. 1, Memo of Law at 3, 12-13.

### IV.    CONCLUSION

18.     In this civil action, there is complete diversity of citizenship between Defendant Bayer and the 92 properly joined Plaintiffs, and the amount in controversy is satisfied.  Thus, this

case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant Bayer HealthCare Pharmaceuticals Inc. hereby removes the above-captioned action to the United States District Court for the Eastern District of Missouri.

Dated: September 26, 2013　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Terry Lueckenhoff*_____
　　　　　　　　　　　　　　　　　　　　Terry Lueckenhoff, #27810MO
　　　　　　　　　　　　　　　　　　　　Fox Galvin, LLC
　　　　　　　　　　　　　　　　　　　　One S. Memorial Drive, 12th Floor
　　　　　　　　　　　　　　　　　　　　St. Louis, MO 63102
　　　　　　　　　　　　　　　　　　　　(314) 588-7000
　　　　　　　　　　　　　　　　　　　　(314) 588-1965 (Fax)
　　　　　　　　　　　　　　　　　　　　tlueckenhoff@foxgalvin.com

　　　　　　　　　　　　　　　　　　　　Marie S. Woodbury, #31489
　　　　　　　　　　　　　　　　　　　　Jennifer M. Stevenson, #57264
　　　　　　　　　　　　　　　　　　　　Jeremiah S. Wikler, #60113
　　　　　　　　　　　　　　　　　　　　Shook, Hardy & Bacon, L.L.P.
　　　　　　　　　　　　　　　　　　　　2555 Grand Blvd.
　　　　　　　　　　　　　　　　　　　　Kansas City, Missouri 64108
　　　　　　　　　　　　　　　　　　　　(816) 474-6550
　　　　　　　　　　　　　　　　　　　　(816) 421-5547 (Fax)
　　　　　　　　　　　　　　　　　　　　mwoodbury@shb.com
　　　　　　　　　　　　　　　　　　　　jstevenson@shb.com
　　　　　　　　　　　　　　　　　　　　jwikler@shb.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.*

Case 7:13-cv-06709-CS Document 1 Filed 09/26/13 Page 8 of 9

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 26, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and/or sent via U.S. Mail, postage prepaid, to:

Eric D. Holland
Steve Groves
Gerard Schneller
Steven J. Stolze
Holland, Groves, Schneller & Stolze, LLC
300 N. Tucker, Suite 801
St. Louis, MO 63101

John R. Climaco
Dawn M. Chmielewski
Margaret M. Metzinger
Climaco, Wilcox, Peca, Tarantino
& Garofoli Co., LPA
55 Public Square, Suite 1950
Cleveland, OH 44113

                                              *s/ Terry Lueckenhoff*